IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN JERARD MAXWELL, | * | |
| ADC# 124453 | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:10-cv-00903-SWW-JJV |
| KARL BYRD, Sheriff, Faulkner County; | * | |
| *et al.,* | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     BACKGROUND

While detained in the Faulkner County Detention Center, Adrian Maxwell filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, and an Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No.1). In the Order granting his Application, he was informed of his duty to comply with Local Rule Court 5.5(c)(2).[1] Mr. Maxwell was subsequently directed to filed an Amended Complaint. (Doc. No. 10, 22.) On May 24, 2012, this Court ordered (Doc. No. 28) service of the Amended Complaint (Doc. No. 27) on several of the Defendants and the Order was mailed to Plaintiff. On June 4, 2012, the Court received notice that the May 24th Order had been returned as undeliverable. (Doc. No. 32). Thereafter, on June 27, 2012, this Court

---

[1] Local Rule of the Court 5.5(c)(2), states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

entered an Order directing Plaintiff to notify the Clerk of his new address within fourteen (14) days of the date of the Order. (Doc. No. 48). On July 2, 2012, this Court received notice that the June 27th Order had ben returned as undeliverable. (Doc. No. 49).

## II. ANALYSIS

Since May 24, 2012, all mail sent by the Court to Plaintiff has been returned as undeliverable. It is Plaintiff's responsibility to promptly notify the Clerk of his current address and to prosecute the action diligently. Without a current address, it is impossible for the Court to communicate with Plaintiff. As of today's date, Plaintiff has not submitted a change of address. The Court thus finds that this cause of action should be DISMISSED without prejudice.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. This cause of action (Doc. No. 27) should be DISMISSED without prejudice.

2. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendation and the accompanying Judgment would not be taken in good faith.

3. All pending motions should be DENIED as moot.

DATED this 14th day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE